UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>JOHN O. EZE,<br><br>              Debtor<br><br>JOHN O. EZE,<br><br>              Plaintiff<br><br>v.<br><br>ENDEAVOR CAPITAL FUNDING, LLC,<br><br>              Defendant | Chapter 11<br>Case No. 15-12815-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 16-1009 |

**MEMORANDUM OF DECISION**

**I.**     **Overview**

On January 19, 2016, John O. Eze, the chapter 11 debtor (the "Debtor"), filed a complaint (the "Original Complaint)" against Endeavor Capital Funding, LLC ("Endeavor") stating five counts: (1) Violation of the Massachusetts Predatory Home Loan Practices Act, (2) Fraudulent Inducement to Enter into a Loan, (3) Breach of Contract, (4) Intentional Infliction of Emotional Distress, and (5) Attorneys' Fees.  Endeavor, which holds a mortgage on real property owned by the Debtor located at 30 Topliff Street, Dorchester, Massachusetts (the "Dorchester Property"), has filed a proof of claim in the Debtor's chapter 11 case listing a secured claim in the amount of $400,194.66.  By the Original Complaint, the Debtor seeks: (1) a determination that Endeavor's mortgage on the Dorchester Property is void and unenforceable and that Endeavor is enjoined from foreclosing on the mortgage, (2) a determination of the amount of the debt owed by the Debtor to Endeavor, (3) a determination that any amount owned by the Debtor to Endeavor is an unsecured claim, and (4) an award of damages, including attorneys'

fees, to Eze and an offset of Endeavor's claim by the amount of any such award.  This adversary proceeding now comes before the Court on Endeavor's motion to dismiss the Original Complaint and on the Debtor's motion to amend the Original Complaint.

II.     **Background**

The Dorchester Property is a three unit apartment building that the Debtor owned as of May 2011 when he contacted Endeavor for a loan (the "First Loan").  As a condition of obtaining the First Loan, Endeavor required the Debtor to transfer title of the Dorchester Property to a limited liability company named Urban Gear Outfitters, LLC.  On or around August 31, 2011, Endeavor loaned $215,000 to Urban Gear Outfitters, LLC at an interest rate of at least 14 percent with all principal and interest to be paid in full by March 2, 2013.  This loan was secured by a first mortgage on the Dorchester Property.

On or about January 12, 2012, the Debtor filed suit against Endeavor in Suffolk County Superior Court (the "Superior Court Lawsuit") for alleged wrongful conduct related to the First Loan.  The parties eventually reached a settlement on or about June 4, 2012, although the Debtor disputes the validity of this settlement on the basis that his attorney in that action colluded with Endeavor to deceive him into dismissing the Superior Court Lawsuit and entering into another "predatory" loan.  As part of the settlement, the Debtor executed a release on his own behalf and on behalf of Urban Gear Outfitters, LLC releasing Endeavor from all claims arising out of the First Loan.  Also, as part of the settlement, the Superior Court Lawsuit was dismissed with prejudice, and Endeavor granted the Debtor a new construction loan (the "Construction Loan") in the amount of $272,575.00 at an interest rate of least 10 percent with principal and interest due in full approximately six months later on December 31, 2012. The parties entered into a construction loan agreement (the "Construction Loan Agreement") under which the Debtor alleges Endeavor was required to advance $35,000 in construction funds to perform repairs on the Dorchester Property.  At the closing for the Construction Loan, the Dorchester Property was deeded by the Debtor, as manager of Urban Gear Outfitters, LLC, back to the Debtor, individually.

2

The Debtor granted Endeavor a first mortgage on the Dorchester Property securing the Construction Loan.

Endeavor never advanced the construction funds the Debtor alleges it was required to advance. The Debtor eventually defaulted on the Construction Loan, and Endeavor began foreclosure proceedings. The Debtor filed an initial chapter 13 petition on May 7, 2014 and an adversary complaint against Endeavor on January 9, 2015. On June 3, 2015, the Court dismissed this first bankruptcy case based on the Debtor's inability to propose and fund a confirmable chapter 13 plan. The Court subsequently dismissed the adversary proceeding for lack of subject matter jurisdiction.

On July 15, 2015, the Debtor filed a second chapter 13 petition commencing the present bankruptcy case. On December 17, 2015, the Court allowed a motion by the Debtor to convert the case to one under chapter 11 of the Bankruptcy Code. At some point during the pendency of the Debtor's chapter 11 case, the Debtor sought a loan from the Boston Department of Neighborhood Development (the "Boston DND") and representatives from Endeavor were in contact with the Boston DND.

On January 19, 2016, the Debtor, through counsel, filed the Original Complaint commencing the present adversary proceeding. Debtor's counsel subsequently moved to withdraw as counsel for the Debtor, which motion the Court allowed after a hearing. Until this point, the Debtor had been represented by counsel in his bankruptcy cases and adversary proceedings. He has since proceeded without counsel. Following the withdrawal of Debtor's counsel, Endeavor filed the instant motion to dismiss the Original Complaint. The Court held a hearing on Endeavor's motion to dismiss during which the Debtor, now proceeding *pro se*, requested additional time to file a supplemental response. The Court allowed the Debtor time to file a supplemental response to Endeavor's motion to dismiss. The Debtor later filed the instant motion to amend the Original Complaint to which he attached an amended complaint (the "Amended Complaint"). Endeavor filed an opposition to the Debtor's motion to amend the Original Complaint. Subsequently, the Debtor sought and the Court allowed leave to file additional

3

supplemental briefing. After the parties completed all briefing, the Court took both Endeavor's motion to dismiss the Original Complaint and the Debtor's motion to amend the Original Complaint under advisement.

### III. Jurisdiction

The matters before the Court are objections to Endeavor's claim against the estate. Endeavor's claim against the estate and the Debtor's objections to it arise under the Bankruptcy Code, *see* 11 U.S.C. §§ 501 and 502 (governing the filing and allowance of proofs of claim), and in a bankruptcy case and therefore fall within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by a standing order of reference (codified in the district court's local rules at L.R. 201, D. Mass.), referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). The objection to claim is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1). 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of claims against the estate). The bankruptcy court accordingly has authority to enter final judgment on the counts that are objections to claims.

### IV. Discussion

#### A. Standard for a Motion to Dismiss a Complaint and a Motion to Amend a Complaint

Under Fed. R. Civ. P. 12(b)(6), as made applicable in adversary proceedings by Bankruptcy Rule 7012(b), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In *Ashcroft v. Iqbal,* the United States Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556 [. . .] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557 [. . .]
>
> *Ascroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As the United States Court of Appeals for the First Circuit has stated, "[t]he make-or-break standard [. . .] is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. at 679-80). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir.2005)). When a *pro se* complaint sets forth the facts upon which relief is sought, and a lenient construction demonstrates beyond doubt that the plaintiff can prove no set of facts to support her claim for relief, the complaint will be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 260–61 (1st Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 251, 292 (1976) (affirming dismissal of *pro se* complaint where detailed description of medical treatment demonstrated that the defendants did not violate the plaintiff's Eighth Amendment rights)).

A party's opportunity to amend its pleadings is governed by Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, which provides that if an amendment is not made within certain specified time periods, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should not be permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

    **B.** **Count I of the Original Complaint and the Amended Complaint – Violation of the Massachusetts Predatory Home Loan Practices Act**

The Original Complaint alleges that both the First Loan and the Construction Loan violated MASS. GEN. LAWS ch. 183C, the Massachusetts Predatory Home Loan Practices Act (the "PHLPA"). The Original

Complaint fails to allege which provisions of the PHLPA were violated by the two loans. The PHLPA prohibits various lending practices by a "lender" in relation to high interest rate consumer credit transactions involving a borrower's principal residence. "Lender" is defined as

> an entity that originated 5 or more home mortgage loans within the past 12 month period or acted as an intermediary between originators and borrowers on 5 or more home mortgage loans within the past 12 month period, provided that lender shall not include a person who is an attorney providing legal services in association with the closing of a home loan who is not also funding the home loan and is not an affiliate of the lender. For the purposes of this chapter, lender shall also mean a broker.

MASS. GEN. LAWS ch. 183C, § 2.

The Original Complaint fails to allege that Endeavor is a "lender" as defined by the PHLPA. Accordingly, Count I of the Original Complaint fails to state a claim upon which relief can be granted, and Endeavor's motion to dismiss must be granted as to Count I.

The Amended Complaint also fails to allege that Endeavor is a "lender" as defined by the PHLPA.[1] Accordingly, Count I of the Amended Complaint also fails to state a claim upon which relief can be granted. Thus, giving leave to amend would be futile. Accordingly, the Debtor's motion to amend Count I must be denied.

### C. Count II of the Original Complaint and the Amended Complaint – Fraudulent Inducement to Enter into the First Loan

Count II of the Original Complaint, which the Court construes as a count for fraud in the inducement under Massachusetts law, alleges that Endeavor falsely represented to the Debtor that he did not need an attorney to represent him in the First Loan closing, that the Debtor relied on this representation, and that as a result of this reliance, the Debtor entered into the First Loan without realizing that its terms may have violated Massachusetts consumer lending laws. While the Original complaint stated that, "[p]rior to the date of the loan closing, Endeavor advised [the Debtor] that he

---

[1] Endeavor maintains that no amendment could cure this defect as Endeavor is not in the business of originating home mortgage loans and is, therefore, not a "lender" as defined in the PHPLA. The Court need not reach this issue as neither complaint alleges that Endeavor is a "lender" within the meaning of the PHLPA.

6

would not need an attorney at the closing," it provided no specific details about this alleged misrepresentation as required by Fed. R. Bank. P. 9(b), as made applicable by Fed. R. Bankr. P. 7009, which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, Count II fails to plead fraud with particularity in compliance with Fed. R. Civ. P. 9(b).

The Amended Complaint states that days before the August 31, 2011 closing of the First Loan, the Debtor received a phone call from someone named Sally, a paralegal employed by Endeavor. The Amended Complaint further states that, "[p]rior to the closing of the loan, Sally [sic] an agent of Endeavor advised [the Debtor] that he would not need an attorney at the closing, adding that 'the documents are self-explanatory and have been prepared for your signing.'" While the Amended Complaint appears to cure the Original Complaint's deficiency with respect to pleading fraud with particularity, it nevertheless fails to state a plausible entitlement to relief for a claim of fraud in the inducement.

Under Massachusetts law, "[o]ne party cannot enforce a contract against another whose signature he has procured by fraud or fraudulent representations, which induced the signer reasonably to believe and understand that the instrument was substantially different from what it really was." *Boston Five Cents Sav. Bank v. Brooks,* 309 Mass. 52, 55, 34 N.E.2d 435 (1941). To establish fraud in the inducement, a plaintiff is "required to establish the elements of common law deceit, *Plumer v. Luce*, 310 Mass. 789, 801-802, 39 N.E.2d 961 (1942), which include 'misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statement to the detriment of the person relying.'" *Commerce Bank & Trust Co. v. Hayeck*, 46 Mass. App. Ct. 687, 692, 709 N.E.2d 1122, 1126 (1999) (quoting *Hogan v. Riemer*, 35 Mass. App. Ct. 360, 365, 619 N.E.2d 984 (1993)). "[O]nly statements of fact are actionable; statements of opinion cannot give rise to a deceit action." *Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 21 (1st Cir. 2001) (citing *McEneaney v. Chestnut Hill Realty Corp.*, 38 Mass. App. Ct.

7

573, 650 N.E.2d 93, 96 (1995)). "A representation is one of opinion if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment." *McEneaney v. Chestnut Hill Realty Corp.*, 38 Mass. App. Ct. 573, 575, 650 N.E.2d 93, 96 (1995) (citing Restatement (Second) of Torts § 538A (1977)).

Even taking the allegations in the Amended Complaint as true, they do not give rise to a claim for fraud in the inducement. The statement that the Debtor "would not need an attorney at the closing" is not a statement of fact. It is matter of judgment. Accordingly, it is not an actionable statement under Massachusetts law. For these reasons, Count I of the Original Complaint must be dismissed pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Debtor's motion to amend must be denied for futility as it also fails to state a claim upon which relief can be granted.

### D. Count III of the Original Complaint and the Amended Complaint – Breach of Contract

Count III of both the Original Complaint and the Amended Complaint alleges that Endeavor refused to advance construction funds as required by the Construction Loan Agreement. Endeavor asserts that the Construction Loan Agreement contained various conditions precedent to its obligation to perform, such as a requirement that the Debtor obtain a building permit prior to the advance of funds. Endeavor seeks dismissal of this count and opposes the motion to amend it on the basis that neither complaint alleges that the Debtor was in compliance with these conditions precedent at the time Endeavor refused to advance the construction funds. As a basis for this argument, Endeavor relies on the text of the Construction Loan Agreement which it has attached to its motion to dismiss as an exhibit. This reliance on documents outside the pleadings is more appropriate in the summary judgment context. Accordingly, the Debtor's motion to amend is allowed as to Count III, and Endeavor's motion to dismiss is denied as to Count III without prejudice to later filing a motion for summary judgment on this count as amended by the Amended Complaint.

E. **Count IV of the Original Complaint and the Amended Complaint – Intentional Infliction of Emotional Distress**

Count IV of the Original Complaint and the Amended Complaint alleges that Endeavor intentionally inflicted emotional distress upon the Debtor. The Original Complaint alleges the elements of a cause of action for emotional distress without identifying which conduct of Endeavor was "extreme and outrageous," was "beyond the possible bounds of decency," or was "utterly intolerable in a civilized society." Further, the Original Complaint fails to allege any specific facts concerning the Debtor's emotional distress. The Amended Complaint contains an array of alleged wrongful conduct on the part of Endeavor over a period of several years, and it identifies the Debtor's emotional distress more particularly as emotional distress that has manifested itself in insomnia, prolonged elevated blood pressure, loss of income, and an inability to hold a job. Nevertheless, the Court and Endeavor need to know which specific conduct the Debtor is alleging to have caused his emotional distress. Accordingly, the Debtor's motion to amend is allowed as to Count IV, and the Debtor shall file a supplement to the Amended Complaint that specifically identifies which actions allegedly committed by Endeavor caused the Debtor's emotional distress.

F. **Count V of the Original Complaint – Count VI of the Amended Complaint – Attorneys' Fees**

Count V of the Original Complaint, renumbered as Count VI in the Amended Complaint, requests that the Court award the Debtor attorneys' fees without citing either a statutory or a contractual basis for such an award. To the extent this count asserts an independent cause for relief, it must be dismissed for failure to state a claim upon which relief can be granted. However, the Court will treat this count as a remedial request for an award of attorneys' fees contingent upon the Debtor succeeding on one of the other counts and establishing a legal basis for such an award.

G. **Count V of the Amended Complaint – "Intentional Interference with an Economic Advantageous Relation [sic]"**

Count V of the Amended Complaint alleges that Endeavor's action of contacting the Boston DND while the Debtor was seeking financing, "constitutes intentional interference in the economic advantageous [sic] in the relations [sic] between [the Debtor] and [the Boston DND]." The Court construes this count as a claim for tortious interference with an advantageous business relationship under Massachusetts law. "The elements of a case of tortious interference with an advantageous business relationship are by now firmly established. The plaintiff has the burden of demonstrating that a business relationship from which the plaintiff might benefit existed; the defendant knew of the relationship; the defendant intentionally interfered with the relationship for an improper purpose or by improper means; and the plaintiff was damaged by that interference." *Pembroke Country Club, Inc. v. Regency Sav. Bank, F.S.B.*, 62 Mass. App. Ct. 34, 38, 815 N.E.2d 241, 245 (2004) (internal citations omitted). The only facts alleged in the Amended Complaint related to this count are that representatives of Endeavor contacted the Boston DND. It does not allege the purpose of those contacts or that the Boston DND took any negative action against the Debtor as a result of those contacts. Therefore, the Amended Complaint does not allege the necessary final two elements: (1) intentional interference with the relationship for an improper purpose or by improper means, and (2) damages. Accordingly, it does not state a claim upon which relief can be granted, and the Court must deny the Debtor's motion to amend to add this count.

H. **Alleged Violation of the Fair Debt Collection Practices Act**

While not set out as a separate count, the Amended Complaint contains a conclusory allegation that Endeavor violated the federal Fair Debt Collection Practices Act ("FDCPA") by "[filing] and maintaining a complaint alleging the character, amount and legal status of the [Debtor's] alleged debt despite the [Debtor's] denial of the same." The Amended Complaint fails to allege any factual predicate for Endeavor's liability under the FDCPA. Accordingly, it fails to state a claim upon which relief can be

granted. To the extent the Debtor's motion to amend seeks to add a claim for relief under the FDCPA, it must be denied.

### I. Alleged Violation of Missouri Statute

While not set out as a separate count, the Amended Complaint alleges a violation of the Missouri Nonprofit Corporation Law c. 355, §§ 355.786 and 355.791. This statute applies to non-profit corporations formed or doing business in the state of Missouri. The Amended Complaint alleges no factual basis that would allow a court to draw a reasonable inference that Endeavor has any liability under this statute. Accordingly, it fails to state a claim upon which relief can be granted. To the extent the Debtor's motion to amend seeks to add a claim for relief under the Missouri Nonprofit Corporation Law, it must be denied.

### V. Conclusion

For the reasons set forth above, the Court will enter a separate order which will provide as follows:

(1) Count I of the Original Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and the Debtor's motion to amend Count I is denied for futility;

(2) Count II of the Original Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity, and the Debtor's motion to amend Count II is denied for futility;

(3) Endeavor's motion to dismiss Count III of the Original Complaint is denied without prejudice to filing a motion for summary judgment, and the Debtor's motion to amend Count III is allowed;

(4) The Debtor's motion to amend is allowed with respect to Count IV, and the Debtor shall file a supplement to the Amended Complaint with respect to Count IV that identifies the specific actions of Endeavor which the Debtor alleges caused his emotional distress, failing which the Court will dismiss Count IV for failure to state a claim upon which relief can be granted;

(5) The Debtor's motion to amend is denied for futility to the extent it seeks to add Count V of the Amended Complaint – a claim for tortious interference with an advantageous business relationship;

(6) Count VI of the Amended Complaint shall be treated as a remedial request for an award of attorneys' fees contingent upon the Debtor succeeding on one of the remaining counts and establishing a legal basis for such an award;

(7) The Debtor's motion to amend is denied for futility to the extent it seeks to add claims for relief under the Fair Debt Collection Practices Act and the Missouri Nonprofit Corporation Law.

Date: January 20, 2017

_____
Frank J. Bailey
United States Bankruptcy Judge